# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| **ESTHER HABIL**,<br>*Individually and on behalf of All Others Similarly Situated*,<br><br>      Plaintiff(s),<br><br>v.<br><br>**BKE ADMIN LLC**<br>11911 Freedom Drive, 8th Floor<br>Reston, VA 20190<br><br>      Serve:  R/A: McMahon, Welch and<br>               Learned, PLLC<br>               2100 Reston Parkway, Suite 450<br>               Reston, VA 20191<br><br>and<br><br>**BOOKKEEPING EXPRESS ENTERPRISES, INC.**<br>11911 Freedom Drive, 8th Floor<br>Reston, VA 20190<br><br>      Serve:  R/A: McMahon, Welch and<br>               Learned, PLLC<br>               2100 Reston Parkway, Suite 450<br>               Reston, VA 20191<br><br>      Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No. _____<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **COMPLAINT**

COMES NOW the Plaintiff, Ms. Esther Habil ("Plaintiff"), by and through her undersigned counsel, and on behalf of those similarly situated, and moves this Honorable Court for judgment against the Defendants, BookKeeping Express Enterprises, Inc. ("BKE") and BKE Admin, LLC ("Admin") (BKE and Admin, collectively, "Defendants"), for damages and other

1

relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiff states the following as her claims against Defendants:

## Overview

1. Plaintiff brings claims to recover unpaid overtime compensation under the FLSA. She brings these claims on her own behalf, and as a collective action on behalf of all current or former similarly situated bookkeepers, who may choose to opt in to this action under 29 U.S.C. § 216(b).

2. As described below, Defendants failed to pay Plaintiff and those similarly situated 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek. By doing so, Defendants have violated the FLSA.

## Parties

1. Plaintiff is, and at all times relevant hereto, an adult resident of the State of Rhode Island.

2. Plaintiff was a former employee of Defendants as a bookkeeper until approximately January 2, 2019.

3. Pursuant to 29 U.S.C. § 216(b), Plaintiff consents in writing to be a party to the FLSA claims asserted. Plaintiff's consent form is attached as **Exhibit A**.

4. Plaintiff and those similarly situated are or were employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

5. Defendant, BKE, is a Delaware corporation registered to do business in Virginia as a foreign entity. Its principle office is in Reston, Virginia, located within Fairfax County.

6. Defendant, Admin, is a Virginia limited liability company. Its principle office is in Reston, Virginia, located within in Fairfax County.

7. BKE is or has been an enterprise engaged in commerce or in the production of goods or

services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or business done of not less than $500,000.00 at all relevant times.

8. Admin is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or business done of not less than $500,000.00 at all relevant times and, upon information and belief, serves as the administrative and payroll arm of BKE as its wholly owned subsidiary.

9. At all relevant times, Defendants were, and have been, "employers" of Plaintiff and those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. Plaintiff, and all those similarly situated, are or were individual employees engaged in commerce or in the production of goods or services for commerce.  29 U.S.C. § 207.

## Jurisdiction and Venue

11. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because Plaintiff's claims arise under the Fair Labor Standards Act.

12. This Court has personal jurisdiction over Defendants because Defendants are domiciled in and regularly conduct business in the Commonwealth of Virginia.

13. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendants reside within this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## Statement of Facts

14. Plaintiff and those similarly situated work or worked for Defendants as bookkeepers.

15. Plaintiff and those similarly situated did not perform executive, administrative, managerial,

or professional job duties, or exercise discretion and independent judgement in significant matters.

16. Instead, Plaintiff and those similarly situated, primarily engaged in data entry, bookkeeping, clerical and routine work.

17. Plaintiff and those similarly situated do not posses a Certified Public Accountant or similar license.

18. Defendants knowingly suffered and permitted Plaintiff and those similarly situated to regularly work more than forty (40) hours in workweeks.

19. During her employment with Defendants, Plaintiff often worked in excess of fifty (50) hours per week.

20. At all times, Defendants have had actual knowledge of all hours Plaintiff and those similarly situated worked because Plaintiff and those similarly situated submit time sheets to Defendants' offices and Defendants affirm the accuracy of these records an submit the same records to the Federal Government and other third parties for payment and/or reimbursement.

21. Plaintiff and those similarly situated were not compensated in accordance with the FLSA because they were not paid proper overtime wages and the required time-and-one-half rate for all hours more than forty (40) per workweek.

22. Specifically, rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, which is required by the FLSA, Defendants paid Plaintiff and those similarly situated only an annual salary. *See* 29 U.S.C. § 207.

23. At all times during Plaintiff's period of employment, Defendants had actual knowledge of the FLSA time-and-one-half overtime requirement.

24. Upon information and belief, at all times during Plaintiff's period of employment, Defendants posted and displayed a Department of Labor posters at Defendants' place of business

explicitly stating that non-exempt employees are entitled to time-and-one-half overtime compensation for overtime hours worked more than forty (40) per week.

25.     Defendants had actual knowledge their failure to pay Plaintiff and those similarly situated at the FLSA required time-and-one-half rate for overtime hours worked more than (40) per week constituted a direct violation of the FLSA overtime pay requirement.

## COLLECTIVE ACTION ALELGATIONS

26.     Plaintiff brings this action individually and on behalf and all similarly situated individuals.

27.     Plaintiff seeks certification of the following FLSA collective:

> All current or former Bookkeepers, or other similar job titles, who work or have worked for Defendants, and, at any time during the three years prior to the filing of this Complaint through the entry of judgment, worked more than forty (40) hours in a week and were not paid by Defendants at the time-and-one-half rate for overtime hours worked more than forty (40) in that week (the "FLSA Collective").

28.     None of the FLSA exemptions set forth in 29 U.S.C.A. § 213 apply to Plaintiff or those similarly situated.

29.     Plaintiff and those similarly situated have worked more than forty (40) hours per workweek for Defendants without receiving proper overtime compensation for their overtime hours worked.

30.     Because of Defendants' failure to pay Plaintiff and those similarly situated the overtime compensation required by law, Defendants have violated the provisions of the FLSA, 29 U.S.C. § 207 and 215(a)(2).

31.     Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for all hours worked over forty (40).

## CAUSE OF ACTION

## UNPAID OVERTIME WAGES
## FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, *et seq*.

(On Behalf of Plaintiff and the FLSA Collective against all Defendants)

32. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all paragraphs of this Complaint.

33. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at a rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

34. Upon information and belief, Defendants are joint employers in that, *inter alia*, (i) their relationship is permanent, with Admin providing, *inter alia*, payroll services for BKE; (ii) Admin and BKE have a common controller and/or one is owned by the other; and (iii) both have direct financial control over income received by Plaintiff and those similarly situated in that BKE provides the set schedule and work to be performed while Admin renders payment upon fulfillment of hours completed by Plaintiff and those similarly situated.

35. Defendants suffered and permitted Plaintiff and those similarly situated to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq*. and its implementing regulations.

36. By way of example, during the pay period of December 1, 2018, through December 15, 2018, Plaintiff worked approximately 86.7 hours but received the same payment as if she worked forty (40) hours each week within that pay period. Payment was issued at the straight rate and no time and a half was received.

37. Defendants knew, or showed reckless disregard of the fact, that it failed to pay these individuals proper overtime compensation in violation of the FLSA.

38. Defendants' failure to comply with the FLSA overtime protections caused Plaintiff and those similarly situated to suffer loss of wages and interest thereon.

39.    Plaintiff and those similarly situated are entitled to unpaid overtime, liquidated damages, pre and post judgment interest, and attorney fees and costs, under the FLSA.

## RELIEF SOUGHT

**WHEREFORE**, the premises considered, Plaintiff, individually and on behalf of those similarly situated, respectfully prays for relief as follows:

A. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

B. Judgement against Defendants, jointly and severally, for violation of the overtime provisions of the FLSA;

C. Judgment that Defendants' violations of the FLSA were willful;

D. An award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

E. An award of pre- and post- judgment interest;

F. An award of reasonable attorneys' fees and costs to be determined by post-trial petition;

G. Leave to add additional plaintiffs by motion, filing of written consent forms, or any other method approved by the Court; and

H. Such further relief as may be necessary and appropriate.

Dated: June 25, 2019                                      Respectfully submitted,

                                                          By Counsel

                                                          /s/ Claudia Lopez-Knapp
                                                          Robert Powers (VSB No. 80822)
                                                          Dirk McClanahan (VSB No. 81208)
                                                          Zach Miller (VSB No. 85860)
                                                          Andrea Harris (VSB No. 90022)
                                                          Claudia Lopez-Knapp (VSB No. 92367)

MCCLANAHAN POWERS, PLLC
8133 Leesburg Pike, Suite 130
Vienna, VA 22182
Telephone: (703) 520-1326
Facsimile: (703) 828-0205
Email: aharris@mcplegal.com
rpowers@mcplegal.com
dmcclanahan@mcplegal.com
zmiller@mcplegal.com
pghale@mcplegal.com
admin@mcplegal.com

*Counsel for Plaintiff and the FLSA Collective*

## CERTIFICATE OF TRANSMISSION

I hereby certify that the forgoing COMPLAINT with EXHIBITS are being electronically transmitted via the CM/ECF system of the U.S. District Court for the Eastern District of Virginia at https://ecf.vaed.uscourts.gov/ on the date noted below. The requisite filing fee of $400.00 and any additional fees related to this matter are being charged to an American Express credit card concurrently with this filing.

Date: June 25, 2019                         By:/s/  Claudia Lopez-Knapp
                                                One of the Attorneys for Plaintiff
                                                and the FLSA Collective